UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-01916-MD-MARRA

IN RE: CHIQUITA BRANDS INTERNATIONAL,
INC. ALIEN TORT STATUTE AND SHAREHOLDER
DERIVATIVE LITIGATION
_____/

This Document Relates To:

ATS ACTIONS

    07-60821-CIV-MARRA
    08-80465-CIV-MARRA
    08-80480-CIV-MARRA
    08-80508-CIV-MARRA
    10-60573-CIV-MARRA
_____/

### OPINION AND ORDER GRANTING PLAINTIFFS' LEAVE TO AMEND

THIS CAUSE comes before the Court upon Plaintiffs' Motion to File Seventh Amended Complaint (DE 535), Motion for Leave to Amend the Second Amended Complaint (DE 536), Motion to Amend the Complaint (DE 538), and Motion to Amend Complaint (DE 541). Defendant has filed a consolidated response to each of these motions and Plaintiffs have filed a consolidated reply.

Defendant's Response essentially consists of three separate arguments: (1) Plaintiffs' attempts to add individual Defendants are untimely; (2) some of the new claims are futile; and (3) the Court should stay any ruling allowing the addition of new plaintiffs until the Eleventh Circuit has ruled on Defendant's petition for interlocutory appeal. The Court rejects these arguments.

With regard to Defendant's argument that the addition of new defendants is untimely, the Court begins its analysis by noting that it has "broad discretion to grant or deny leave to amend." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994). On April 18, 2012, the Supreme Court held that the Torture Victim Protection Act ("TVPA") extends liability only to individuals, not corporations. Mohamad v. Palestinian Authority, 132 S.Ct. 1702, 1710-11 (2012). That decision directly overturns Sinaltrainal v. Coca Cola Co., 578 F.3d 1252, 1264 (11th Cir. 2009), which held that individuals can be held liable under the TVPA. Thus, at the time these cases were originally filed, there was no need for Plaintiffs to sue individual defendants to receive damages under the TVPA. The Court concludes that the Supreme Court's decision in Mohamad is a sufficient intervening event that warrants allowing Plaintiffs' to amend their complaints at this stage in the proceedings. See McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (" we see nothing illegitimate about a plaintiff seeking a new type of relief when intervening events occur during the pendency of litigation that makes the originally sought relief impossible.").

Next, the Court rejects Defendants' argument that asserting certain new arguments added in Plaintiffs' Amended Complaints would be futile given the Court's prior rulings. The determination of whether an individual argument has merit is appropriate for a motion to dismiss, not a motion for leave to amend. Accordingly, the Court rejects Defendants' futility argument at this time, without prejudice to Defendants's right to reassert the arguments in response to the amended complaints.

Finally, the Court will deny Defendant's request for a stay of the present motions pending a decision by the Eleventh Circuit Court of Appeals on whether it will accept review of the

Court's order on Defendant's motions to dismiss. If the Eleventh Circuit elects to review this Court's ruling, then Defendants may renew its motion for a stay. Until the Court of Appeals rules, the motion is premature.

Accordingly, for all the aforementioned reasons it is hereby:

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to File Seventh Amended Complaint (DE 535), Motion for Leave to Amend the Second Amended Complaint (DE 536), Motion to Amend the Complaint (DE 538), and Motion to Amend Complaint (DE 541) are **GRANTED**. Defendants are free to reassert their futility arguments in response to the amended complaints. Defendant may also renew its motion for a stay of these the proceedings if the Eleventh Circuit grants review of this Court's ruling on Defendant's motions to dismiss.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of September, 2012.

_____
KENNETH A. MARRA
United States District Judge